### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS


GREGORY T. SIMS,                                )
                                                )
                        Petitioner,             )
                                                )
v.                                              )
                                                )        No. 04-20061-01-CM
                                                )        No. 05-3313-CM
UNITED STATES OF AMERICA,                       )
                                                )
                        Respondent.             )
_____)

### MEMORANDUM AND ORDER

On April 29, 2004, the government indicted petitioner Gregory T. Sims on one Count of

possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

Petitioner entered into a plea agreement with the government on July 19, 2004, and pleaded guilty to

the Count charged.  The plea agreement contained a waiver of appeal and collateral attack.  It also

included a specific waiver of *Blakely* rights.  *See Blakely v. Washington*, 542 U.S. 296 (2004).  On

October 4, 2004, the court sentenced petitioner to seventy-seven months imprisonment.

On May 9, 2005, petitioner filed a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside,

or correct his sentence (Doc. 51).  Petitioner claims that his counsel was ineffective in (1) failing to

object to the addition of two criminal history points; (2) failing to object to the court's finding that

petitioner possessed the firearm subsequent to two felony convictions for crimes of violence; (3)

negotiating a plea agreement that included a waiver of his *Blakely* rights and a general waiver of

rights to appeal and collateral attack; and (4) failing to preserve petitioner's right to challenge

enhancements based on facts other than prior convictions.  Petitioner further claims that this court

lacked jurisdiction to assess additional points for possessing the firearm after being out of prison for

less than two years.

## I.      Plea Agreement

The government asks the court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence.  The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1325 (10th Cir. 2004).

### A.      *Scope of the Waiver*

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957-58 (10th Cir. 2004).  The relevant provisions in petitioner's plea agreement state:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence, except in the event the court determines the defendant would be subject to the provisions of Title 18, U.S.C. § 924(e)(1), that the defendant reserves the right to appeal that finding. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court, except as above specified. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [excepted as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title

18, U.S.C. § 3582(c)(2) and as provided above.  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court and as to any finding that the defendant qualifies under the provisions of Title 18, U.S.C. § 924(e)(1).

**Waiver of _Blakely_ rights**.  The defendant agrees to waive any rights that may have been conferred under _Blakely v. Washington_, 2004 WL 1402697 (June 24, 2004), and agrees to have the sentence in this case determined under the U.S. Sentencing Guidelines (Guidelines).  The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

The court construes the plea agreement based on contract principles and the meaning reasonably understood by the defendant at the time of his plea.  _United States v. Chavez-Salais_, 337 F.3d 1170, 1172 (10th Cir. 2003) (internal citation omitted).  The court strictly construes waivers of rights to appeal and collateral attack, and resolves ambiguities against the government.  _Anderson_, 374 F.3d at 957-58.

Petitioner argues that, under _Blakely v. Washington_, 542 U.S. 296 (2004), the court was without authority to assess two additional points for possession of a firearm less than two years after release from prison.  Petitioner specifically challenges the fact that the court made findings of fact in regard to his sentencing level on issues not considered by a jury.  While the court did make findings in the absence of a jury, the plea agreement petitioner entered into included a specific waiver of _Blakely_ rights, stipulated that the guidelines be used to determine his sentence, and allowed for facts determining the offense level to "found by the Court at sentencing by a preponderance of the evidence."  The language of the waiver is clear, and the court finds that this claim falls within the scope of the waiver.  Likewise, petitioner's claims that his counsel failed to object to different

findings the court made at sentencing fall within the waiver.

Petitioner argues that his claim regarding violent felony convictions falls beyond the scope of the waiver because the waiver allows him the right to appeal "in the event the court determines the defendant would be subject to the provisions of Title 18, U.S.C. § 924(e)(1)." Section 924(e)(1) applies a mandatory minimum sentence of fifteen years to persons who violate 922(g) and have three prior convictions for crimes classified as "violent felonies." The court sentenced petitioner to seventy-seven months, far less than the fifteen-year minimum sentence of § 924(e)(1). Because the court did not subject petitioner to the provisions of § 924(e)(1), his argument is without merit.

**B.**     *Knowing and Voluntary*

Petitioner does not specifically contest that his waiver was knowing and voluntary, but the court will address the issue out of an abundance of caution. In determining whether a petitioner's waiver was knowing and voluntary, the court looks to the specific language of the plea agreement and to petitioner's dialogue with the court. *Hahn*, 359 F.3d at 1325. Petitioner's plea agreement expressly states that petitioner "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence, except in the event the court determines the defendant would be subject to the provisions of Title 18, U.S.C. § 924(e)(1)." The petition to plead guilty also states that petitioner's decision to enter into the plea was "given freely and voluntarily."

In regard to petitioner's waiver of *Blakely* rights, the plea agreement states that petitioner "agrees to waive any rights that may have been conferred under *Blakely v. Washington*, 2004 WL 1402697 (June 24, 2004), and agrees to have the sentence in this case determined under the U.S. Sentencing Guidelines (Guidelines)." Furthermore, at sentencing, the court reiterated to petitioner that "the court will apply the guidelines in whole when a plea agreement waives *Blakely* rights," and

announced that under the guidelines, the sentencing range in this case would be seventy-seven to ninety-six months. Petitioner did not object to either of these findings. Although he now states that he did not understand what *Blakely* represented, he also acknowledged in the plea agreement that "he waive[d] any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; [and] agree[d] that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agree[d] that the Court may consider any reliable evidence, including hearsay. . . ."

The court has also reviewed the record of the case. Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that petitioner voluntarily and knowingly entered a plea. Nothing in the record suggests that petitioner's plea or waiver was unknowing or involuntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea.

**C.      *Miscarriage of Justice***

Enforcing a waiver of appellate rights results in a miscarriage of justice if (1) the court considered an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel with respect to negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the sentence is otherwise unlawful, and is the result of error that seriously threatens the fairness, integrity, or public reputation of judicial proceeding. *Hahn*, 359 F.3d at 1327.

The court finds that enforcing petitioner's waiver of *Blakely* and appellate rights does not constitute a miscarriage of justice. The court did not consider any impermissible factors in

-5-

determining petitioner's sentence, and the sentence is well within the statutory range.  Petitioner has offered no other reason why enforcement of the waiver would result in a miscarriage of justice, and the court finds none.

## II.    Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective in advising him to waive his *Blakely* rights and his rights to appeal or collaterally attack his sentence.  Arguably, this claim falls outside the scope of the plea agreement waiver.  The court will therefore analyze it under the standard governing ineffective assistance of counsel claims.

### A.    *Legal Standard*

In determining whether a habeas petitioner's counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim.  First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88.  The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  Second, a habeas petitioner must show that the counsel's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

B.   *Plea Negotiations*

Although petitioner claims that he received ineffective assistance of counsel in conjunction

with negotiation of the plea agreement, he presents no evidence and makes no argument as to how or

in what way his counsel was ineffective.   The court finds that petitioner's allegations of ineffective

assistance are not of the detailed and specific nature required in order to carry his burden of proof or

present controverted issues of fact.  The court construes a *pro se* litigant's pleading liberally, but

does not relieve him of the burden to allege sufficient facts upon which a legal claim can be based.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   Conclusory allegations of ineffective

performance are inadequate to support a claim that defendant was denied adequate counsel.  *See*

*Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971).   The court finds that petitioner has

failed to establish prejudice or that his counsel's performance "fell below an objective standard of

reasonableness."  *Strickland*, 466 U.S. at 687-88.[1]

III.   **Conclusion**

The files and records conclusively show that petitioner is not entitled to relief.   Accordingly,

no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1998)

(holding that no hearing is required where factual matters raised by a § 2255 petition may be

resolved on the record).

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 51) is denied.

---

[1]  The court notes that petitioner signed a petition to plead guilty in this case stating that he believed that his lawyer "has done all that anyone could do to counsel and assist me and I am satisfied with the advice and help he has given to me."  The record in this case further indicates that petitioner's counsel undertook extensive negotiation with the government on petitioner's behalf. Petitioner received the lowest possible sentence under the guidelines range determined appropriate by the court, and his counsel convinced the government not to seek application of § 924(e)(1), thus successfully defending petitioner against a potential fifteen-year minimum sentence.

Dated this 7th day of August 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**